# NO. 24-1829

In The

# United States Court Of Appeals
# For The Fourth Circuit

## MAURICE WELLS, JR.,

*Plaintiff - Appellant,*

v.

## SHERIFF TERRY S. JOHNSON, in his Official Capacity as Sheriff of Alamance County, North Carolina,

*Defendant - Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
AT GREENSBORO

———

## BRIEF OF APPELLEE

———

Steven A. Bader
Elizabeth C. Stephens
CRANFILL SUMNER LLP
P.O. Box 27808
Raleigh, NC  27611
(919) 828-5100

Patrick H. Flanagan
CRANFILL SUMNER LLP
P.O. Box 30787
Charlotte, NC  28230
(704) 332-8300

*Counsel for Appellee*

*Counsel for Appellee*

*Gibson*Moore Appellate Services, LLC
206 East Cary Street  ♦  P.O. Box 1460 (23218)
Richmond, VA  23219  ♦  804-249-7770  ♦  www.gibsonmoore.net

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

## DISCLOSURE STATEMENT

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. <u>24-1829</u>    Caption: <u>Maurice Wells v. Sheriff Terry S. Johnson</u>

Pursuant to FRAP 26.1 and Local Rule 26.1,

<u>Defendant Terry S. Johnson</u>
(name of party/amicus)

_____

who is _____<u>appellee</u>_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.  Is party/amicus a publicly held corporation or other publicly held entity?  ☐YES ☑NO

2.  Does party/amicus have any parent corporations?  ☐YES ☑NO
    If yes, identify all parent corporations, including all generations of parent corporations:

3.  Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?  ☐YES ☑NO
    If yes, identify all such owners:

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation? ☐YES ☑NO
   If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question) ☐YES ☑NO
   If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding? ☐YES ☑NO
   If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7. Is this a criminal case in which there was an organizational victim? ☐YES ☑NO
   If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: /s/ Steven A. Bader _____     Date: _____9/12/2024_____

Counsel for: Defendant Johnson _____

- 2 -

Print to PDF for Filing

# TABLE OF CONTENTS

**Page:**

TABLE OF AUTHORITIES ..................................................................iii

STATEMENT OF THE ISSUE ..............................................................1

STATEMENT OF THE CASE ................................................................1

ARGUMENT SUMMARY ......................................................................2

ARGUMENT ..........................................................................................4

I.    THIS COURT SHOULD AFFIRM SUMMARY JUDGMENT FOR SHERIFF JOHNSON BECAUSE WELLS' NORTH CAROLINA DISTRICT COURT CONVICTIONS PRECLUDE HIS § 1983 SUIT FOR RETALIATORY ARREST, AND BECAUSE WELLS HAS NOT CHALLENGED THE MAGISTRATE'S PROBABLE CAUSE DETERMINATION ..............................5

II.   WELLS' ARGUMENTS THAT THE LAW SHOULD BE DIFFERENT, OR THAT THE LAW SHOULD NOT APPLY TO HIS CASE, ARE UNSUPPORTED AND CONTRARY TO PRECEDENT ..............................................8

    A.   *Sparrow* does not permit a plaintiff to mount a collateral attack in a § 1983 case ..................................9

    B.   *Myrick* and *Simpson* remain good law in North Carolina ......................................................11

    C.   This Court did not leave open the idea that a request for trial de novo erases a conviction's preclusive effect in *Gilliam* ..........................14

III.  WELLS HAS WAIVED ANY ARGUMENTS NOT MADE IN HIS BRIEF ..........................................16

CONCLUSION ........................................................................... 17

CERTIFICATE OF COMPLIANCE........................................... 18

# TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

*Allen v. McCurry,*
    449 U.S. 90 (1980) .............................................................. 6

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242 (1986) ........................................................... 5

*Baker v. McCollan,*
    443 U.S. 137 (1979) ......................................................... 13

*Burton v. Durham,*
    457 S.E.2d 329 (N.C. Ct. App. 1995) ............................... 8

*Carter v. Lee,*
    283 F.3d 240 (4th Cir. 2002) ......................................... 16

*Elkins v. Broome,*
    328 F. Supp. 2d 596 (M.D.N.C. 2004) ............................. 6

*Gilliam v. Sealey,*
    932 F.3d 216 (4th Cir. 2019) ................................... *passim*

*Grayson v. Agadir Int. LLC,*
    856 F.3d 307 (4th Cir. 2017) ......................................... 16

*Illinois v. Gates,*
    462 U.S. 213 (1983) ........................................................... 8

*MM ex rel. DM v. Sch. Dist. Of Greenville Cty.,*
    303 F.3d 523 (4th Cir. 2002) ........................................... 7

*Moore v. Winfield,*
    178 S.E. 605 (1935) .......................................... 11, 12, 13, 14

*Myrick v. Cooley,*
    371 S.E.2d 492 (N.C. Ct. App. 1988) ..................... *passim*

iii

*Nieves v. Bartlett,*
    587 U.S. 391 (2019) ................................................................ 2, 16

*Pueschel v. Peters,*
    577 F.3d 558 (4th Cir. 2009) .......................................................... 4

*Simpson v. Sears Roebuck and Co.,*
    752 S.E.2d 508 (N.C. Ct. App. 2013) .................................... *passim*

*Spinelli v. United States,*
    393 U.S. 410 (1969) .......................................................................... 8

*State v. Sparrow,*
    173 S.E.2d 897 (N.C. 1970) ..................................................... *passim*

*United States v. Martin,*
    378 F.3d 353 (4th Cir. 2004) ................................................... 10, 15

**Statutes:**

28 U.S.C. § 1738 .............................................................................. 5-6

42 U.S.C. § 1983 ........................................................................ *passim*

N.C. Gen. Stat. § 15A–1431(f1) ................................................. 7, 10

N.C. Gen. Stat. § 15A–1431(g) ...................................................... 10

N.C. Gen. Stat. § 15A–1431(h) ...................................................... 10

**Constitutional Provisions:**

U.S. Const. amend. I ..................................................................... 1, 2

U.S. Const. amend. IV ...................................................................... 14

**Rules:**

Fed. R. App. P. 28(a)(8) .................................................................. 16

Fed. R. Civ. P. 56(a) ......................................................................... 4

## STATEMENT OF THE ISSUE

The issue is whether Maurice Wells' criminal conviction in state district court precludes his § 1983 First Amendment retaliatory arrest claim when the conviction has been stayed, but not vacated, and when North Carolina case law holds that even a vacated conviction has preclusive effect in a § 1983 suit.

## STATEMENT OF THE CASE

On July 11, 2020, Maurice Wells was arrested during a protest at Sesquicentennial Park in Graham, North Carolina. (JA128) Following his arrest, Wells appeared before a magistrate judge, who found probable cause sufficient to establish that Wells' arrest for the misdemeanor offenses of failure to disperse and disorderly conduct was founded. (JA639)

The charges proceeded in North Carolina district court. (JA31-126) Wells did not challenge the magistrate's probable cause finding for the charges during the district court proceedings, nor did he allege that his conviction was obtained by fraud or other unfair means. (*Id.*) On March 24, 2021, the district court found Wells guilty on both counts. (JA123) Wells appealed his convictions to state superior court for a trial de novo.

(JA124) Wells' criminal charges remain pending in superior court. (JA19 ¶ 33.)

On May 26, 2023, Wells purported to bring this action against Sheriff Johnson pursuant to 42 U.S.C. § 1983 alleging First Amendment retaliatory arrest. (JA13-30) On July 30, 2024, the district court granted Sheriff Johnson's motion for summary judgment. (JA655-664) Wells appealed to this Court on August 27, 2024. (JA666)

## ARGUMENT SUMMARY

A criminal conviction in North Carolina state court establishes probable cause for the underlying arrest. This is true even if the conviction is later vacated or reversed. This means that a 42 U.S.C. § 1983 action for First Amendment retaliatory arrest is precluded by a conviction stemming from that arrest because the plaintiff cannot show that the arresting officer lacked probable cause. The only way a plaintiff can avoid this effect is to prove that the conviction was obtained by fraud or unfair means.[1]

---

[1] A plaintiff may also prove First Amendment retaliatory arrest under the narrow exception articulated in *Nieves v. Bartlett*, but only where he presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been. 587 U.S. 391, 406 (2019). Whether the *Nieves*

Maurice Wells' retaliatory arrest suit against Alamance County Sheriff Terry Johnson fits this framework to a tee. Wells was convicted of two misdemeanor charges in North Carolina district court. He then requested trial de novo in North Carolina superior court. By statute, this request stays the conviction in district court until the superior court adjudicates the matter. The case is pending in superior court.

Wells argues that his request for a new trial erases the preclusive effect of the probable cause finding inherent to his conviction such that his § 1983 case should proceed. To put a finer point on it, Wells argues that he should be allowed to mount a collateral attack on the district court convictions in this § 1983 suit.

In sum, Wells argues that the law should be different, or that the law should not apply to his case. Wells is not the first plaintiff to advance these arguments. In fact, plaintiffs before Wells made these same arguments *after* a state court vacated and reversed their convictions. And yet, those courts held that the law applied to their suits too, although the courts allowed some exonerated plaintiffs to proceed because they had

---

exception applies here is immaterial as Wells has abandoned that claim, to the extent he ever made it. *See* Section III, *infra.*

adduced evidence that their convictions were obtained by fraud or other improper means.

While there may be good arguments that North Carolina law should change so that *vacated* convictions do not have a preclusive effect, this is not the test case for that change. Wells' criminal convictions are stayed, not vacated or reversed. By extension, Wells' § 1983 suit necessarily implicates a collateral challenge to the probable cause determination that was decided in district court and stayed when he requested a new trial. Although these same concerns may not present when a criminal case has been reversed and vacated, that is not the case here.

This Court should decline to bypass controlling North Carolina law and announce a new rule for Wells. In turn, summary judgment should be affirmed.

## ARGUMENT

Summary judgment is reviewed *de novo. Pueschel v. Peters*, 577 F.3d 558, 563 (4th Cir. 2009). By rule, it shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the suit. *Id.* To defeat summary judgment, the nonmoving party must present evidence from which "a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

Wells' sole argument is that his district court convictions do not preclude his § 1983 claim because he has appealed those convictions to superior court. North Carolina law, however, weighs against him on this point. Case law holds that district court convictions establish probable cause and bar this suit, unless Wells can show that the convictions were obtained by fraud or unfair means. Wells has never argued that the convictions were obtained by fraud or unfair means. As such, his § 1983 suit fails on the undisputed record and summary judgment should be affirmed.

I.   THIS COURT SHOULD AFFIRM SUMMARY JUDGMENT FOR SHERIFF JOHNSON BECAUSE WELLS' NORTH CAROLINA DISTRICT COURT CONVICTIONS PRECLUDE HIS § 1983 SUIT FOR RETALIATORY ARREST, AND BECAUSE WELLS HAS NOT CHALLENGED THE MAGISTRATE'S PROBABLE CAUSE DETERMINATION.

Federal courts must give full faith and credit to state court judgments. *Gilliam v. Sealey*, 932 F.3d 216, 231 (4th Cir. 2019) (citing 28

U.S.C. § 1738). If a state court would give its judgment preclusive effect, then a federal court must do so as well. *Id.* (citing *Allen v. McCurry*, 449 U.S. 90, 96 (1980)).

In North Carolina, a criminal conviction establishes probable cause for an arrest, even if the conviction is later vacated, unless the plaintiff can show that the conviction was obtained by fraud or other unfair means. *Simpson v. Sears Roebuck and Co.*, 752 S.E.2d 508, 510 (N.C. Ct. App. 2013), *Myrick v. Cooley*, 371 S.E.2d 492, 495 (N.C. Ct. App. 1988). *See also Elkins v. Broome*, 328 F. Supp. 2d 596, 599 (M.D.N.C. 2004).

A North Carolina district court judge found Wells guilty of the two misdemeanor charges for which he was arrested. (JA31) Under *Simpson* and *Myrick*, these convictions establish probable cause and preclude Wells' § 1983 suit. Wells does not argue that his district court convictions were obtained by fraud or other unfair means, such that his § 1983 suit can proceed on the exceptions recognized in *Simpson* and *Myrick*. The district court followed this precise framework in granting Sheriff Johnson's motion for summary judgment. (JA660-661)

On top of this, an independent magistrate found probable cause for Wells' arrest. (JA639) This finding remains intact pending Wells' request

for a new trial, which stays the district court judgment, but does not annul the magistrate's probable cause determination. *See* N.C. Gen. Stat. § 15A–1431(f1).

Wells has not challenged the magistrate's probable cause finding on appeal. This Court can affirm summary judgment on this ground as well. *See e.g., MM ex rel. DM v. Sch. Dist. Of Greenville Cty.*, 303 F.3d 523, 536 (4th Cir. 2002) (recognizing that this Court is "entitled to affirm the court's judgment on alternate grounds, if such grounds are apparent from the record.")

After all, Wells' § 1983 is not barred by the conviction *per se*, but by the probable cause determination inherent to the conviction. But even if a defendant is later found not guilty, a retaliatory arrest claim still fails if the officer had probable cause for the arrest in the first place. *See e.g., Myrick*, 371 S.E.2d at 495 (pointing out that "innocence of the offense charged does not establish an absence of probable cause for the arrest").

The undisputed record shows that probable cause existed for Wells' arrest. (JA31-126, JA639). Wells does not argue otherwise on appeal. (Doc. 16) The Supreme Court has recognized that "[a] magistrate's 'determination of probable cause should be paid great deference by

reviewing courts.'" *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (quoting *Spinelli v. United States*, 393 U.S. 410, 419 (1969)). And "[t]he existence of probable cause is an absolute bar to a civil rights claim for false arrest." *Burton v. Durham*, 457 S.E.2d 329, 333 (N.C. Ct. App. 1995). This Court can affirm summary judgment on this ground too.

In the end, there are no genuine issues of material fact, and this Court should affirm summary judgment for Sheriff Johnson.

II.  <u>WELLS' ARGUMENTS THAT THE LAW SHOULD BE DIFFERENT, OR THAT THE LAW SHOULD NOT APPLY TO HIS CASE, ARE UNSUPPORTED AND CONTRARY TO PRECEDENT</u>.

Wells does not, and cannot, argue that summary judgment should be reversed under the holdings in *Simpson* and *Myrick*. Instead, he argues that North Carolina law should be different, or that these holdings should not control in his case.

To arrive at this misapprehended conclusion, Wells argues that: (1) *State v. Sparrow*, a North Carolina case on criminal sentencing, permits a plaintiff to collaterally attack probable cause in a § 1983 case; (2) *Simpson* and *Myrick* were wrongly decided; and (3) this Court's decision in *Gilliam v. Sealey*, 932 F.3d 216 (2019) "left open" the arguments made by Wells in this appeal.

These arguments are creative but misguided.

A.    *Sparrow* does not permit a plaintiff to mount a collateral attack in a § 1983 case.

At first, Wells argues that his district court conviction has no preclusive effect under *Sparrow*, because in that decision, the Supreme Court wrote that "[w]hen an appeal of right is taken to the Superior Court, … [t]he judgment appealed from is completely annulled and is not thereafter available for any purpose." 173 S.E.2d 897, 902 (N.C. 1970).

This line from *Sparrow* requires context. The defendants in *Sparrow* were convicted of different crimes in district court. 173 S.E.2d at 899. The defendants requested a new trial in superior court, where they were convicted again and given harsher sentences than they received in district court. *Id*. at 504-05. The defendants appealed and argued that the superior court sentences were unconstitutional. *Id*. at 505. The North Carolina Supreme Court disagreed. *Id*. at 507. It held that the superior court did not impose an increased sentence from the district court, but rather, a new sentence altogether as permitted in a new proceeding. *Id*. This conclusion led the Court to explain that a trial de novo in superior court makes the district court judgment "not thereafter available for any purpose." *Id*.

Wells uses this sentence from *Sparrow* to argue that "regardless of context," district court convictions cannot be used for any purpose, including for preclusive effect in a § 1983 claim. (Doc. 16, p. 22) But the only context where this rule has been applied is in criminal proceedings. Indeed, Wells demonstrates this in his own brief. *See* Doc. 16, pp. 23-24 (collecting cases).

A quick point of clarity is in order too. A request for trial de novo in superior court "*stays the execution* of all portions of the judgment …." N.C. Gen. Stat. § 15A–1431(f1) (emphasis added). It does not vacate the conviction. The superior court decides the case anew at trial. *See generally Sparrow*, 173 S.E.2d at 902. But if the defendant withdraws their appeal, the superior court then remands the case to district court to execute its stayed judgment. N.C. Gen. Stat. §§ 15A–1431(g), (h).

This clarification is important because unlike in *Sparrow*, Wells' case has not been decided by the superior court. So his convictions are stayed, not void or vacated. *See United States v. Martin*, 378 F.3d 353, 358 (4th Cir. 2004) (explaining that a request for a new trial in superior court does not "vacate" or "void" the convictions in district court because

the district court convictions are not void unless and until the superior court rules otherwise).

Back to Wells' "regardless of context" argument. His brief shows that North Carolina courts have only applied *Sparrow* in criminal cases, not in other contexts. In *Myrick v. Cooley*, the plaintiff asked the court to apply *Sparrow* to hold that a vacated conviction should not have preclusive effect, just like Wells is arguing here. The *Myrick* court declined because the pronouncement in *Sparrow* was made "in another context." 371 S.E.2d 492, 495 (1988)

B.    <u>*Myrick* and *Simpson* remain good law in North Carolina</u>.

Wells argues that the holdings in *Myrick* and *Simpson* rested on the North Carolina Supreme Court's decision in *Moore v. Winfield*, 178 S.E. 605 (1935), which he argues was overruled sub silentio by *Sparrow*. *Moore* may be antiquated, but it involved different issues than *Sparrow*. By extension, *Moore* and *Sparrow* can be reconciled, which means that *Sparrow* did not overrule *Moore*. This means that *Myrick* and *Simpson* are sound decisions, even if they question whether a reversed conviction should have preclusive effect in the first place.

The plaintiff in *Myrick* was convicted of two misdemeanors in district court, but later acquitted in superior court. 371 S.E.2d at 494. The plaintiff then sued law enforcement for false arrest or imprisonment. *Id*. The trial court directed a verdict for the officers. *Id*. The North Carolina Court of Appeals affirmed. *Id*.

At first, the *Myrick* court pointed out that North Carolina follows "the majority rule that 'absent a showing that the conviction in District Court was procured by fraud or other unfair means, the conviction conclusively establishes the existence of probable cause, even though plaintiff was acquitted in Superior Court." 371 S.E.2d at 495 (collecting cases). From there, the *Myrick* court questioned the "continuing validity of this rule," first announced in *Moore*, given that the *Sparrow* court wrote that district court convictions are "not thereafter available for any purpose" after a trial de novo in superior court. *Id*. Yet the *Myrick* court acknowledged that the pronouncement in *Sparrow* was made "in another context" and did not speak to whether a vacated conviction precluded a § 1983 claim. *Id*. *Moore*, on the other hand, answered this precise question. *Id*. So the *Myrick* court followed "established precedent" and held that

the prior conviction established probable cause and defeated the claims for false arrest or imprisonment. *Id.*[2]

*Simpson v. Sears, Robuck & Co.*, tracked the analysis in *Myrick*. The plaintiff there was convicted in district court but then acquitted in superior court. 752 S.E.2d 508, 413 (N.C. Ct. App. 2013). She sued the complaining parties for malicious prosecution and false imprisonment. *Id.* The trial court dismissed the complaint. *Id.* The *Simpson* court, like the *Myrick* court before it: (1) restated the rule that district court convictions establish probable cause absent fraud or unfair means; (2) questioned the rule's wisdom when the conviction has been vacated; and (3) in the end, followed precedent as it must. *Id.* at 509-10. The *Simpson* court reversed because the plaintiff had evidence that her conviction had been secured by fraud or unfair means. *Id.*

*Sparrow* did not overrule *Moore* sub silentio. *Myrick* considered and rejected this very idea. The fact is, *Sparrow* and *Moore* can be reconciled

---

[2] The *Myrick* court also pointed out that innocence does not mean that an officer lacked probable cause for the arrest. 371 S.E.2d at 495. (citing *Baker v. McCollan*, 443 U.S. 137 (1979)). The plaintiff would still need to prove there was no probable cause for the magistrate's determination. Here, Wells makes no argument that, in fact, his evidence created a genuine issue of material fact on this question, as briefed *supra*.

with ease. *Sparrow* holds that a superior court is not bound by a district court's *judgment* when it imposes a criminal sentence after a new trial. *Moore* holds that a reversed criminal conviction has preclusive effect in a civil case unless the conviction was obtained by fraud or unfair means. Those ideas are not incompatible, as *Myrick* recognized.

    C.    <u>This Court did not leave open the idea that a request for trial de novo erases a conviction's preclusive effect in *Gilliam*</u>.

Wells argues that his issue is ripe for review following this Court's decision in *Gilliam v. Sealey*, 932 F.3d 216 (4th Cir. 2019). That is a stretch. *Gilliam* involved plaintiffs in a different position from Wells who raised distinct arguments for why their vacated convictions should not have preclusive effect. *Gilliam* did not set the stage for Wells' appeal.

The plaintiffs in *Gilliam* were convicted of murder and spent 31 years in prison before they were exonerated by DNA evidence. 932 F.3d at 221-22. Following their release, the plaintiffs sued several officers for Fourth Amendment violations. *Id*. This Court discussed *Myrick* and *Simpson* and expressed "reason to doubt whether it remains good law that even a *vacated* conviction precludes an individual from challenging whether there was probable cause for his/her arrest in North Carolina." *Id*. at 231 (emphasis added). Still, this Court declined to wade into any

uncertainties because the plaintiffs in *Gilliam* adduced evidence that their convictions were obtained by fraud or other unfair means. *Id*. at 232. For that reason, their claims were not precluded by their prior convictions. *Id*.

Wells overstates his case when he claims that *Gilliam* tees up his issue for review. At best, *Gilliam* expressed doubt about whether "*reversed or vacated* judgments are afforded preclusive effect on the issue of probable cause." 932 F.2d at 232 (emphasis added). But Wells' convictions have not been vacated or reversed, they have been stayed pending final disposition in superior court. *See Martin*, 378 F.3d at 358. In this way, Wells' case is not the vehicle to resolve any uncertainty about North Carolina law.

To the contrary, Wells' case is a textbook case for why plaintiffs in a civil case cannot mount a collateral attack on a criminal conviction. To succeed on his § 1983 claim, Wells must undo the probable cause determination that has been decided and stayed in his criminal case. The plaintiffs in *Gilliam*, *Simpson*, and *Myrick* did not have that concern because the probable cause determinations in their criminal cases had been reversed and vacated.

III.  **WELLS HAS WAIVED ANY ARGUMENTS NOT MADE IN HIS BRIEF**.

An appellant must set forth, with specificity, their arguments on appeal. *See e.g., Carter v. Lee*, 283 F.3d 240, 252 n.11 (4th Cir. 2002). By rule, the opening brief must contain an appellant's "contentions and *the reasons for them* with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8) (emphasis added). An argument that is not developed in a brief is waived, even if the brief "takes a passing shot at the issue." *Grayson v. Agadir Int. LLC*, 856 F.3d 307, 316 (4th Cir. 2017).

Wells raised various arguments before the district court. On appeal, the only argument Wells has advanced is that the district court erred when it concluded that his § 1983 claim was precluded by his district court conviction. Any other arguments made at the district court level, including his argument that his arrest was retaliatory under the *Nieves* exception are waived.

Last, and along these lines, Wells never asked the district court to stay his § 1983 suit pending the final disposition of his criminal appeal in state superior court. This Court should decline to award relief that has never been requested. Plus, a stay would not change the outcome because

*Myrick* and *Simpson* are controlling and summary judgment should be affirmed on the undisputed record.

## CONCLUSION

This Court should decline Wells' request to mount a collateral attack on his stayed criminal convictions in this § 1983 suit. Summary judgment should be affirmed.

This the 22nd day of November 2024.

/s/ Steven A. Bader
Steven A. Bader
N.C. State Bar No. 55931
Elizabeth C. Stephens
N.C. State Bar No.: 59890
P.O. Box 27808
Raleigh, NC  27611
(919) 828-5100
sbader@cshlaw.com
estephens@cshlaw.com

Patrick H. Flanagan
N.C. State Bar No. 17407
P.O. Box 30787
Charlotte, NC  28230
(704) 332-8300
phf@cshlaw.com

*Counsel for Appellee*

# CERTIFICATE OF COMPLIANCE

1.    This document complies with type-volume limits because excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    this document contains <u>3,348</u> words.

2.    This document complies with the typeface requirements because:

    this document has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14-point Century Schoolbook</u>.

Dated:  November 22, 2024

CRANFILL SUMNER LLP

BY:  <u>/s/ Steven A. Bader</u>
       STEVEN A. BADER
       N.C. State Bar No. 55931
       P.O. Box 27808
       Raleigh, NC  27611
       (919) 828-5100
       sbader@cshlaw.com

       *Counsel for Appellee*